1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| OMAR GOMEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>JORDAN FACHKO, et al.,<br><br>    Defendants. | Case No. 19-CV-05266-LHK<br><br>**ORDER RE: MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 69, 71, 72, 74, 75, 76 |

Before the Court are Plaintiff Omar Gomez's ("Plaintiff") three motions in limine, ECF

Nos. 69, 71, & 72; and Defendants Jordan Fachko and the City of Santa Clara's (collectively,

"Defendants") three motions in limine, ECF Nos. 74, 75, 76.  Having considered the parties'

submissions, the relevant law, and the record in this case, the Court rules as follows:

**Plaintiff's Motions in Limine[1]**

**Motion in Limine #1:**  Plaintiff seeks to exclude all evidence and testimony of which Officer

---

[1] Each of Plaintiff's motions in limine contains a notice of motion that is separately paginated from the points and authorities in support of the motion.  Civil Local Rule 7-2(b) requires that the notice of motion and the points and authorities in support of the motion must be contained in one document with the same pagination.  In its Standing Order for Civil Jury Trials, the Court set a limit of 3 pages for each motion in limine.  Thus, Plaintiff's failure to comply with Civil Local Rule 7-2(b) also violates the Court's page limits.

1

1   Fachko was not aware at the time of the incident, including: (1) Plaintiff's drug use on the day of

2   the incident and prior to the day of the incident; (2) Plaintiff's criminal history, including charges

3   and convictions arising out of the incident; (3) Plaintiff's lack of sleep during the days leading up

4   to the incident; and (4) any opinions by Laura Davies, M.D. about Plaintiff's previous emotional

5   trauma, including Dr. Davies' opinion that Plaintiff has "antisocial personality disorder."  ECF

6   No. 71.  Defendants oppose.  ECF No. 80.

7   **Ruling:** DENIED WITHOUT PREJUDICE.  Specifically, the Court rules as follows.

8        Plaintiff contends that evidence of Plaintiff's drug use, criminal history, lack of sleep, and

9   emotional trauma is irrelevant, is unduly prejudicial, and is impermissible character evidence.

10  ECF No. 71.  According to Plaintiff, all this evidence is irrelevant because Officer Fachko was

11  unaware of it at the time of the incident.  *Id.* at 1.  Additionally, Plaintiff contends that this

12  evidence is prejudicial because it would bias the jury against Plaintiff.  *Id.* at 2.  Finally, Plaintiff

13  contends that this evidence is impermissible character evidence because it is aimed at showing that

14  Plaintiff has a "bad character."  *Id.* at 3.

15       In response, Defendants contend that evidence of Plaintiff's drug use, criminal history, and

16  lack of sleep is relevant for assessing the credibility of Officer Fachko's and Plaintiff's accounts of

17  the shooting incident.  ECF No. 80 at 2.  Additionally, Defendants contend that evidence of

18  Plaintiff's drug use, criminal history, and emotional trauma is relevant to Plaintiff's damages

19  claims.  *Id.* at 3.

20       Evidence is inadmissible if it is irrelevant or unduly prejudicial.  In general, relevant

21  evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if "(a) it has any tendency to

22  make a fact more or less probable than it would be without the evidence; and (b) the fact is of

23  consequence in determining the action."  Fed. R. Evid. 401.  However, relevant evidence may be

24  excluded if "its probative value is substantially outweighed by a danger of one or more of the

25  following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,

26  or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Courts must "make these

27  calculations with an appreciation of the offering party's need for evidentiary richness and narrative

28

2

1    integrity in presenting a case." *Old Chief v. United States*, 519 U.S. 172, 183 (1997).

2         Additionally, with several limited exceptions, "[e]vidence of a person's character or

3    character trait is not admissible to prove that on a particular occasion the person acted in

4    accordance with the character or trait." Fed. R. Evid. 404(a).  Thus, a party generally may not

5    offer evidence of a person's "crime, wrong or act . . . to prove a person's character in order to

6    show that on a particular occasion the person acted in accordance with the character." Fed. R.

7    Evid. 404(b)(1).  However, such evidence "may be admissible for another purpose, such as

8    proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or

9    lack of accident." Fed. R. Evid. 404(b)(2).

10        In excessive force cases, courts regularly admit at least two kinds of evidence.  First, courts

11   typically admit evidence that bears on "whether the officers' actions are 'objectively reasonable'

12   in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397

13   (1989).  Thus, evidence about "the severity of the crime at issue, whether the suspect pose[d] an

14   immediate threat to the safety of the officers or others, and whether he [wa]s actively resisting

15   arrest or attempting to evade arrest by flight" is admissible in most cases.  *Id.* at 396.  Second,

16   "where what the officer perceived just prior to the use of force is in dispute," courts typically

17   admit "evidence that may support one version of events over another." *Boyd v. City and County of*

18   *San Francisco*, 576 F.3d 938, 944 (2009).  For example, evidence that a plaintiff was high at the

19   time of a shooting incident may be admissible if it supports the officer's testimony that the

20   plaintiff behaved in a certain way.  *Id.* ("[P]olice assertions that the [the plaintiff] was acting

21   erratically, taunting police and goading them to shoot him instead of following police commands,

22   is made more probable by . . . evidence that [the plaintiff] was on drugs at the time.").

23        At the pretrial conference on November 4, 2021, the Court applied these general principles

24   to provide the parties with guidance about what types of evidence likely will be admissible in the

25   instant case.  For example, the Court stated that Defendants will be allowed to present Plaintiff's

26   testimony that he was on a "cool maybe four day run" of continuously smoking methamphetamine

27   and not sleeping in the four days running up to the shooting incident.  The Court explained that

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   such evidence will at least be relevant for assessing the credibility of Officer Fachko's and

2   Plaintiff's accounts of the shooting incident.  Similarly, the Court stated that Defendants would be

3   allowed to present evidence of the events leading up to the shooting incident, including that

4   Officer Fachko responded to a report of a stolen vehicle and found Plaintiff driving the stolen

5   vehicle.  Such evidence is relevant to evaluating whether the officer's actions are "objectively

6   reasonable." *Graham*, 490 U.S. at 397.  For example, such evidence is relevant for assessing "the

7   severity of the crime at issue" and whether Officer Fachko reasonably believed that Plaintiff was

8   "actively resisting arrest or attempting to evade arrest by flight." *Id.*

9        After hearing the Court's guidance, the parties agreed to meet and confer about the specific

10  evidence and theories that they will seek to introduce at trial and agreed to file a joint statement

11  identifying such evidence and theories and outlining any remaining disputes.  Thus, given that the

12  parties' filings may significantly reduce the scope of the parties' disputes, the Court DENIES

13  WITHOUT PREJUDICE Plaintiff's Motion in Limine #1.

14

15  **Motion in Limine #2:** Plaintiff seeks to exclude the findings of any agency with respect to the

16  shooting incident, including (1) the conclusion of the Santa Clara County District Attorney that

17  Officer Fachko's use of force was reasonable; (2) the decision of the Santa Clara County District

18  Attorney not to press charges against Officer Fachko; and (3) the finding of the City of Santa

19  Clara that Officer Fachko's use of force was reasonable.  ECF No. 69.

20  **Ruling:** GRANTED IN PART and DENIED IN PART.  Specifically, the Court rules as follows.

21       Defendants generally do not oppose Plaintiff's motion.  Thus, Defendants may not present

22  evidence of the findings, conclusion, or decision of the City of Santa Clara or the Santa Clara

23  County District Attorney about Officer Fachko's conduct or about the shooting incident.

24       However, Defendants request that, if Plaintiff "intimat[es] that these types of shooting

25  events are commonly 'rubber stamped' by police agencies," Defendants be allowed to present

26  evidence that a thorough investigation occurred after the shooting incident.  ECF No. 81 at 1.

27  Similarly, Defendants request that, if Plaintiff suggests that any investigation of the shooting

28

4

Case No. 19-CV-05266-LHK
ORDER RE: MOTIONS IN LIMINE

1    incident in the instant case was "friendly" to Officer Fachko, Defendants be allowed to present

2    evidence that a "D.A. investigator was participating." *Id.*

3        Plaintiff does not seek to exclude the mere existence of the City of Santa Clara

4    investigation or the statements taken from witnesses as part of that investigation.  As another court

5    in this district explained, it would be difficult for the parties to describe the facts of the case

6    without making "references to 'investigation' of the incident."  *See Ramirez v. City of Gilroy*, Case

7    No. 17-cv-00625-VKD, ECF No. 121 at 5–6 (N.D. Cal. Mar. 27, 2020).

8        Thus, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to exclude

9    any agency findings.

10

11   **Motion in Limine #3:** Plaintiff seeks to exclude certain opinions by Defendants' experts,

12   including (1) Alexander Jason's opinion that the wheels of Plaintiff's car were turned to the left at

13   the time of the incident and (2) all opinions of Laura Davies, M.D., which rely on facts that were

14   unknown to Officer Fachko at the time of the incident, including Dr. Davies's opinion that

15   Plaintiff has "antisocial personality disorder."  ECF No. 72.  Defendants oppose.  ECF No. 82.

16   Ruling: GRANTED IN PART and DENIED IN PART.  Specifically, the Court rules as follows.

17       Plaintiff moves to exclude certain opinions by two of Defendants' expert witnesses.  ECF

18   No. 72.  First, Plaintiff moves to exclude the opinion of Alexander Jason, Defendants' retained

19   crime scene analyst expert, that the wheels of Plaintiff's car were turned to the left at the time of

20   the incident.  ECF No. 72 at 1–2.  Specifically, Plaintiff contends that Mr. Jason's opinion "lacks

21   foundation, calls for speculation, and contradicts the physical and forensic evidence."  *Id.* at 1.

22   Second, Plaintiff moves to exclude any opinions of Dr. Davies which rely on facts that were

23   unknown to Officer Fachko at the time of the incident, including Dr. Davies' opinion that Plaintiff

24   has "antisocial personality disorder."  ECF No. 72 at 2–3.  Specifically, Defendants contend that

25   Dr. Davies' opinions are not relevant, are unduly prejudicial, and lack credibility.  *Id.* at 3.

26       In response, Defendants contend that both witnesses' opinions are relevant and have solid

27   foundations.  First, Defendants contend that Plaintiff's arguments about Mr. Jason's opinion "go

28

5

United States District Court
Northern District of California

1    to its weight, and not its admissibility." ECF No. 82 at 2. Specifically, Defendants contend that

2    Mr. Jason's "opinion that [Plaintiff's vehicle's] wheels were turned to the left is not speculation"

3    because it is "based on the testimony of Officer Anthony Pianto" and "on the traffic camera

4    video." *Id.* Second, Defendants contend that Dr. Davies' opinions are relevant to Plaintiff's claim

5    for emotional harm and are based on "Plaintiff's voluminous Jail and treatment records." *Id.* at 3.

6         The Federal Rules of Evidence provide district courts with the "gatekeeping role" of

7    "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task

8    at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Specifically, expert

9    testimony is inadmissible unless "(a) the expert's scientific, technical, or other specialized

10   knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b)

11   the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable

12   principles and methods; and (d) the expert has reliably applied the principles and methods to the

13   facts of the case." Fed. R. Evid. 702.

14        Additionally, "a judge assessing a proffer of expert scientific testimony under Rule 702

15   should also be mindful of other applicable rules." *Daubert*, 509 U.S. at 595. It is especially

16   important for courts to ensure that expert evidence is not unduly prejudicial because "[e]xpert

17   evidence can be both powerful and quite misleading." *Id.* (internal quotations omitted).

18        Applying these principles, the Court GRANTS Plaintiff's motion to exclude Mr. Jason's

19   opinion that the wheels of Plaintiff's car were turned to the left at the time of the incident. This

20   opinion is not admissible because it is not based on "scientific, technical, or other specialized

21   knowledge." Fed. R. Evid. 702(a). Defendants admit that this opinion is based on Mr. Jason's

22   review of a witness's deposition testimony and of a video of the incident. ECF No. 82 at 2. The

23   Court previously has explained that specialized knowledge is not "required to view . . . videos and

24   interpret what they do or do not show." *See Nunez v. City of San Jose*, Case No. 17-CV-03860-

25   LHK, ECF No. 112 at 9–10 (N.D. Cal. June 13, 2019); *see also, e.g.*, *Zeen v. Cty. of Sonoma*, No.

26   17-CV-02056-LB, 2018 WL 3769867, at *2 (N.D. Cal. Aug. 9, 2018) (holding that an expert

27   witness could not testify "about what he believes the video footage shows, much less what he

28

Case No. 19-CV-05266-LHK
ORDER RE: MOTIONS IN LIMINE

United States District Court
Northern District of California

1   believes actually occurred during the incident"); *Lam v. City of San Jose*, No. 14-cv-00877-PSG,

2   2015 WL 6954967, at *2 (N.D. Cal. Nov. 10, 2015) (holding that an audio forensics expert "may

3   not testify as to what he believes [defendant] said [on the recording]"). Nor is specialized

4   knowledge required to interpret deposition testimony. Thus, Mr. Jason may not provide an

5   opinion about the positioning of the wheels of Plaintiff's vehicle during the incident.

6       Second, for the reasons explained in the Court's Ruling on Plaintiff's Motion in Limine #1,

7   the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to exclude Dr. Davies' opinions

8   about Plaintiff's drug use, criminal history, and emotional trauma.

9

10                          **Defendants' Motions in Limine**

11  **Motion in Limine #1:** Defendants seek to exclude an animation prepared by Jason Fries,

12  Plaintiff's forensic animation expert. ECF No. 74. Plaintiff opposes. ECF No. 77.

13  **Ruling:** GRANTED. Mr. Fries's expert opinion testimony is excluded in its entirety.

14      Defendants move to exclude an animation which depicts Plaintiff's and Officer Fachko's

15  vehicles and provides measurements between the vehicles. ECF No. 74 at 1. Defendants contend

16  that this animation is unreliable because Jason Fries, Plaintiff's forensic animation expert, has

17  made inconsistent statements about the method he used to prepare the animation and has not

18  provided Defendants with the file used to generate the animation. ECF No. 74 at 2. Specifically,

19  Defendants contend that, although Mr. Fries previously stated that he prepared the animation using

20  software called "3D Studio Max 2018," Mr. Fries testified during his deposition that he used

21  software called "Blender." *Id.* Additionally, Defendants contend that the animation is unreliable

22  because at least one key detail is inconsistent with an actual photograph of the incident. *Id.* at 2–3.

23      In response, Plaintiff contends that Defendants' arguments go to weight, not admissibility.

24  ECF No. 77 at 3. Plaintiff does not address Defendants' arguments about Mr. Fries' inconsistent

25  statements or Mr. Fries' failure to produce the animation file.

26      As discussed, district courts must ensure that "an expert's testimony both rests on a reliable

27  foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S.

28

Case No. 19-CV-05266-LHK
ORDER RE: MOTIONS IN LIMINE

1   579, 597 (1993).  Specifically, expert testimony is inadmissible unless "(a) the expert's scientific,

2   technical, or other specialized knowledge will help the trier of fact to understand the evidence or

3   to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony

4   is the product of reliable principles and methods; and (d) the expert has reliably applied the

5   principles and methods to the facts of the case."  Fed. R. Evid. 702.

6          Mr. Fries's inconsistent statements about the method for preparing the animation file and

7   Mr. Fries's failure to provide the animation file to Defendants cast serious doubt on the reliability

8   of his testimony.  Although an expert witness may not testify about his interpretation of videos or

9   images, an expert witness may enhance videos or images and testify about the enhancement

10  process.  *See, e.g.*, *Zeen v. Cty. of Sonoma*, No. 17-CV-02056-LB, 2018 WL 3769867, at *2 (N.D.

11  Cal. Aug. 9, 2018) (holding that an expert witness "may testify about how he enhanced the video

12  footage"); *Lam v. City of San Jose*, No. 14-cv-00877-PSG, 2015 WL 6954967, at *2 (N.D. Cal.

13  Nov. 10, 2015) (holding that an expert witness "may explain how he enhanced the audio and play

14  the enhanced audio to the jury").  However, where a party submits enhanced images as expert

15  evidence, that evidence is reliable only if the expert used a reliable method to enhance the images.

16  Mr. Fries's inconsistent statements about his method for creating the animation casts doubt on the

17  reliability of that method.  Moreover, by failing to respond to Defendants' request for the

18  animation file, Plaintiff and Mr. Fries prevented Defendants from assessing the reliability of Mr.

19  Fries's method.

20         Thus, the Court GRANTS Defendants' motion to exclude Mr. Fries' animation.  Because

21  the animation is the only aspect of Mr. Fries' proposed testimony that relies on specialized

22  knowledge, Mr. Fries's expert opinion testimony is excluded in its entirety.

23         The Court notes that, in *Nunez v. City of San Jose*, the Court excluded Mr. Fries's expert

24  testimony for the same reason.  *Nunez v. City of San Jose*, Case No. 17-CV-03860-LHK, ECF No.

25  112 at 9 (N.D. Cal. June 13, 2019) ("Because Mr. Fries failed to produce enhanced video stills that

United States District Court
Northern District of California

8

1    formed the basis of his opinion . . . he will not be permitted to testify as to this opinion.").[2]

2

3    **Motion in Limine #2:** Defendants move to exclude a medical bill which shows that Santa Clara

4    Valley Medical Center charged Plaintiff $256,174.63 for treatment and services related to the

5    shooting incident.  ECF No. 75.  Plaintiff opposes.  ECF No. 78.

6    **Ruling:** DENIED WITHOUT PREJUDICE.  Specifically, the Court rules as follows.

7           Defendants move to exclude a medical bill which shows that Santa Clara Valley Medical

8    Center charged Plaintiff $256,174.63 for treatment and services related to the shooting incident.

9    ECF No. 75 at 1–2.  Defendants point to labels on the bill which indicate that every charge either

10   has been "adjusted" pursuant to an insurance plan held by the County of Santa Clara or has been

11   written off.  *See id.* at 2; ECF No. 75-1.  Accordingly, Defendants contend, the medical bill does

12   not reflect Plaintiff's actual damages.  ECF No. 75 at 2.  However, Defendants concede that the

13   County of Santa Clara has asserted a lien on any final judgment awarded to Plaintiff in the instant

14   case.  *Id.* at 2–3; ECF No. 75-1 at 1.

15          In response, Plaintiff contends that Defendants have failed to show that Plaintiff will not

16   have to pay the full medical bill.  ECF No. 78 at 2.  Specifically, Plaintiff points to the lien

17   asserted by the County and contends that, "[i]f Plaintiff prevails at trial and receives a damage

18   award, then the County of Santa Clara would assert or attempt to assert the lien against Plaintiff."

19   *Id.*  Additionally, Plaintiff contends that "evidence of adjustments or write-offs should be excluded

20   under the collateral source rule."  *Id.* at 3.

21          At the pretrial conference on November 4, 2021, Plaintiff's counsel stated that he is

22   investigating whether Santa Clara Valley Medical Center has been paid for any portion of the bill,

23   whether any party is obligated to pay for the portions that have been written off, and whether the

24   County of Santa Clara is obligated to pay for the portions that have been "adjusted."  The parties

25   indicated that, pending the results of this investigation, they will discuss reaching a stipulation

26

27   _____
     [2] Mr. Fries lists *Nunez v. City of San Jose* on his resume under "Cases I Have Testified on in The
     Last 5 Years."  ECF No. 94-1.

28
     Case No. 19-CV-05266-LHK
     ORDER RE: MOTIONS IN LIMINE

1    with respect to the medical bill by November 22, 2021.

2         Thus, the Court DENIES WITHOUT PREJUDICE Defendants' motion to exclude the

3    medical bill.

4

5    **Motion in Limine #3:** Defendants seek to exclude any evidence of other shooting incidents by

6    Santa Clara police officers.  ECF No. 76.  Although Plaintiff states that he does not intend to

7    introduce such evidence, Plaintiff opposes on the ground that he may wish to use such evidence

8    for impeachment purposes.  ECF No. 79.

9    **Ruling:** GRANTED IN PART and DENIED IN PART.  Specifically, the Court rules as follows.

10        Defendants move to exclude any evidence of other shooting incidents by Santa Clara

11   police officers.  ECF No. 76.  Defendants contend that such evidence is not relevant to the issues

12   in this case.  *Id.* at 2.  Specifically, Defendants contend that the only "issues in this case relate to

13   Officer Fachko's decision to discharge his firearm on October 27, 2017" and that "[e]vidence that

14   other Santa Clara Police Officers may have at other times, and on other occasions, deployed their

15   firearms is irrelevant and prejudicial."  *Id.*

16        In response, Plaintiff contends that evidence of other shooting incidents by Santa Clara

17   police officers could be used to impeach the credibility of Officer Fachko or other witnesses.  *See*

18   ECF No. 79.  For example, Plaintiff contends, "[i]f Defendants present evidence or testimony at

19   trial that . . . implies that Officer Fachko or the Santa Clara Police Department and their other

20   officers have an otherwise clean record, is a decorated and respected peace officer, has a gentle

21   and benevolent character, or testimony to that effect, then Defendants will have opened the door to

22   the admission of other shootings by Santa Clara Police Department officers as rebuttal or

23   impeachment evidence."  *Id.* at 3.

24        As discussed, irrelevant evidence is inadmissible.  Fed. R. Evid. 402.  Under Federal Rule

25   of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less

26   probable than it would be without the evidence; and (b) the fact is of consequence in determining

27   the action."  Fed. R. Evid. 401.

28

United States District Court
Northern District of California

10

Case No. 19-CV-05266-LHK
ORDER RE: MOTIONS IN LIMINE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Additionally, with several limited exceptions, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a).

The Court agrees with Defendants that evidence of other shooting incidents by Santa Clara police officers is irrelevant to Plaintiff's remaining claims.  Although Plaintiff brought three claims for municipal liability against the City of Santa Clara, ECF No. 1 ¶¶ 47–77, Plaintiff did not oppose Defendants' motion for summary judgment on those claims, and thus, the Court dismissed those claims with prejudice, ECF No. 61 at 22.[3]  Thus, Plaintiff's remaining claims for trial are: "(1) Fourth Amendment excessive force claim against Defendant Fachko, (2) state law battery claim against both Defendants, (3) state law negligence claim against both Defendants, and (4) violation of the Bane Civil Rights Act (Civil Code §52.1) against both Defendants." ECF No. 73 at 2.  The parties agree that each of the remaining claims depends entirely upon the specific facts of the shooting incident that occurred on October 21, 2017, not upon any pattern of misconduct by the City of Santa Clara, and that the City is part of this case only in its capacity as Officer Fachko's employer.  ECF No. 73 at 3, 10.  Accordingly, whether other Santa Clara police officers have been involved in other shooting incidents is not relevant to any of Plaintiff's claims. Other courts in this district have reached the same conclusion in nearly identical circumstances. *See Ramirez v. City of Gilroy*, Case No. 17-cv-00625-VKD, ECF No. 121 at 6–7 (N.D. Cal. Mar. 27, 2020); *Jacquez, et al. v. City of San Jose, et al.*, Case. No. 16-cv-05330-NC, ECF No. 107 at 4 (N.D. Cal. Aug. 19, 2017).

Although Plaintiff argues that he may need to present evidence of other police shootings to rebut any evidence that Santa Clara police officers generally have clean records, the Court will not allow Defendants to present such evidence absent an opening of the door by Plaintiff.  If the Court allows Defendants to present evidence that Santa Clara police officers generally have clean records, then Plaintiff may introduce rebuttal evidence.

---

[3] The Court also dismissed Plaintiff's claim against Officer Fachko for denial of medical care under 42 U.S.C. § 1983.  ECF No. 61 at 22.

11

Case No. 19-CV-05266-LHK
ORDER RE: MOTIONS IN LIMINE

1    Similarly, the Court will not allow Defendants to present evidence of Officer Fachko's or

2    other Santa Clara police officers' "gentle and benevolent character" unless Plaintiff opens the

3    door.  If the Court allows Defendants to present such evidence, then Plaintiff may introduce

4    rebuttal evidence.

5    Thus, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to

6    exclude evidence of other shooting incidents by Santa Clara police officers.

7    **IT IS SO ORDERED.**

8    Dated: November 8, 2021

9    

10   _Lucy  H.  Koh_

     LUCY H. KOH

     United States District Judge

Case No. 19-CV-05266-LHK
ORDER RE: MOTIONS IN LIMINE