United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OMAR GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JORDAN FACHKO and CITY OF SANTA CLARA,<br><br>    Defendants. | Case No. 19-CV-05266-LHK<br><br>**AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 115 |

On November 8, 2021, in the Court's order ruling on the parties' motions in limine, the Court excluded the opinion of Alexander Jason, Defendants' crime scene analyst expert, that the wheels of Plaintiff's car were turned to the left at the time of the shooting incident. ECF No. 99 at 5. The Court explained that this opinion, which is "based on Mr. Jason's review of a witness's deposition testimony and of a video of the incident," is not admissible because it is not based on "specialized knowledge." *Id.* at 6. Specifically, the Court explained that specialized knowledge is not "'required to view . . . videos and interpret what they do or do not show.'" *Id.* (citing *Nunez v. City of San Jose*, Case No. 17-CV-03860-LHK, ECF No. 112 at 9–10 (N.D. Cal. June 13, 2019); *see also, e.g.*, *Zeen v. Cty. of Sonoma*, No. 17-CV-02056-LB, 2018 WL 3769867, at *2 (N.D. Cal. Aug. 9, 2018) (holding that an expert witness could not testify "about what he believes the video

1

Case No. 19-CV-05266-LHK
AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

footage shows, much less what he believes actually occurred during the incident"); *Lam v. City of San Jose*, No. 14-cv-00877-PSG, 2015 WL 6954967, at *2 (N.D. Cal. Nov. 10, 2015) (holding that an audio forensics expert "may not testify as to what he believes [defendant] said [on the recording]"). Similarly, specialized knowledge is not required to interpret deposition testimony. ECF No. 99 at 6. Thus, the Court ruled that Mr. Jason may not provide an opinion about the positioning of the wheels of Plaintiff's vehicle during the incident. *Id.*

In the same November 8, 2021 order, the Court also excluded an animation created by Jason Fries, Plaintiff's forensic animation expert. ECF No. 99 at 7–9. The Court explained that, although an expert witness may not testify about his interpretation of videos or images, an expert witness may enhance videos or images and testify about the enhancement process. *Id.* at 8; *see, e.g.*, *Zeen*, 2018 WL 3769867, at *2 (holding that an expert witness "may testify about how he enhanced the video footage"); *Lam*, 2015 WL 6954967, at *2 (holding that an expert witness "may explain how he enhanced the audio and play the enhanced audio to the jury"). However, where a party submits enhanced images as expert evidence, that evidence is reliable only if the expert used a reliable method to enhance the images.

The Court's order explained that several factors cast serious doubt on the reliability of Mr. Fries's animation. First, the Court explained that Mr. Fries had made inconsistent statements about the method he used to prepare the animation. ECF No. 99 at 7. Specifically, although Mr. Fries previously stated that he prepared the animation using software called "3D Studio Max 2018," Mr. Fries testified during his deposition that he used software called "Blender." *Id.* Second, the Court explained that Mr. Fries had failed to provide Defendants with the animation file despite Defendants' repeated requests for the file. *Id.* at 8. The Court noted that it had previously excluded Mr. Fries's expert testimony in another 42 U.S.C. § 1983 case for the same reason. *See id.*; *Nunez v. City of San Jose*, Case No. 17-CV-03860-LHK, ECF No. 112 at 9 (N.D. Cal. June 13, 2019) ("Because Mr. Fries failed to produce enhanced video stills that formed the basis of his opinion . . . he will not be permitted to testify as to this opinion.").

Without the animation, Mr. Fries's expert testimony relies entirely on his review of the

video and the photographs of the incident. As the Court explained in the context of its order excluding Mr. Jason's opinion, specialized knowledge is not "'required to view . . . videos and interpret what they do or do not show.'" ECF No. 99 at 6 (quoting *Nunez v. City of San Jose*, Case No. 17-CV-03860-LHK, ECF No. 112 at 9–10 (N.D. Cal. June 13, 2019)). Thus, the Court ruled that, because "the animation is the only aspect of Mr. Fries's proposed testimony that relies on specialized knowledge," Mr. Fries may not provide any expert testimony. *Id.* at 8.

On November 22, 2021, Plaintiff filed a request for clarification asking whether Mr. Fries will be allowed to present an opinion from his expert rebuttal report. ECF No. 115 at 2. Specifically, Plaintiff asked whether Mr. Fries will be allowed to present his opinion that "the Honda would not have been able to get past the police vehicle that was positioned in front of the Honda at the time of the shooting." *Id.*

On November 23, 2021, the parties represented to the Court that they would meet and confer to explore a stipulation about which portions of Mr. Fries's expert rebuttal report, if any, would be admissible. However, on the Friday after Thanksgiving, November 26, 2021, the parties informed the Court that they had failed to reach a stipulation.

On the morning of Monday, November 29, 2021, the Court ordered Plaintiff to file a supplemental brief explaining which of Mr. Fries's opinions do not rely on the excluded animation. On the evening of November 29, 2021, Plaintiff filed a supplemental brief identifying eight opinions that purportedly do not rely on the excluded animation. *See* ECF No. 131. On the morning of November 30, 2021, Defendants filed an opposition arguing that "most of the opinions sought to be introduced by Plaintiff through Mr. Fries rely on his animation as a foundational element" and that the remaining opinions rebut opinions of Alexander Jason, Defendants' crime scene analyst expert, that the Court has excluded. ECF No. 136 at 2.

The Court construes Plaintiff's request for clarification and supplemental brief as a motion for reconsideration under Civil Local Rule 7-9. Under Local Rule 7-9, leave of the Court is required before a party may file a motion for reconsideration of an interlocutory order. Plaintiff did not seek leave to file a motion for reconsideration in accordance with Local Rule 7-9.

1  Regardless, the Court considers Plaintiff's arguments and, for the reasons below, concludes that

2  reconsideration is not warranted.

3  Local Rule 7-9(b) allows for reconsideration only if the moving party can show:

4  (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which
5  reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time
6  of the interlocutory order; or

7  (2) The emergence of new material facts or a change of law occurring after the time of such order; or
8
9  (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

10  Civil L.R. 7-9(b). According to Plaintiff, the Court failed to consider that Mr. Fries reached his

11  opinions "by reviewing the video and the photographs" of the incident and "by conducting his

12  own test by driving a Honda Civic." ECF No. 131 at 7. Thus, although Plaintiff does not specify

13  which provision of Local Rule 7-9 justifies reconsideration, the Court construes Plaintiff's

14  argument to be that there was a "manifest failure by the Court to consider material facts or

15  dispositive legal arguments." Civ. L.R. 7-9(b)(3).

16  As an initial matter, Mr. Fries's opinions rely primarily on his analysis of the excluded

17  animation, not on his review of the video and the photographs of the incident or on his own test

18  drive of a Honda Civic. Each of the opinions that Plaintiff seeks to introduce either refers to the

19  excluded animation or depends on data produced by the excluded animation. Indeed, Mr. Fries's

20  expert rebuttal report states that "[o]nly by tracking the video in 3D . . . can you perform any

21  meaningful analysis." ECF No. 135-2 at 1. Thus, the fact that Mr. Fries also reviewed the video

22  and the photographs of the incident and test drove a Honda Civic would not have been material to

23  the Court's analysis.

24  Regardless, even assuming that Mr. Fries primarily formed his opinions by reviewing the

25  video and the photographs of the incident, that fact does not change the Court's conclusion that

26  "the animation is the only aspect of Mr. Fries's proposed testimony that relies on specialized

27  knowledge." ECF No. 99 at 8. The Court previously has explained that specialized knowledge is

28

4
Case No. 19-CV-05266-LHK
AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

not "required to view . . . videos and interpret what they do or do not show." *See Nunez v. City of San Jose*, Case No. 17-CV-03860- LHK, ECF No. 112 at 9–10 (N.D. Cal. June 13, 2019); *see also, e.g.*, *Zeen v. Cty. of Sonoma*, No. 17-CV-02056-LB, 2018 WL 3769867, at *2 (N.D. Cal. Aug. 9, 2018) (holding that an expert witness could not testify "about what he believes the video footage shows, much less what he believes actually occurred during the incident"). Thus, Mr. Fries's review of the video and the photographs of the incident may not form the basis for his expert testimony.

For similar reasons, Mr. Fries's test drive of a Honda Civic may not form the basis for his expert testimony. Most importantly, Plaintiff has failed to explain why Mr. Fries's test drive of the Honda Civic required specialized knowledge. Specifically, Mr. Fries's expert rebuttal report states that his test drive consisted of the following steps: (1) shifting the vehicle from reverse into first gear; (2) placing his foot on the gas pedal; and (3) stopping the vehicle. *See* ECF No. 135-2 at 7–8. These actions could be performed by lay people and do not require any "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702(a). Moreover, even assuming that these actions required scientific, technical, or other specialized knowledge, Mr. Fries does not possess such knowledge. As noted, Mr. Fries is Plaintiff's forensic animation expert and his expertise is "in the field[s] of forensic animation, 3D laser scanning, audio/video analysis, line of sight, laser-based photogrammetry, scientific method, and trajectory analysis." ECF No. 135-1 at 1. Expertise in these fields does not qualify Mr. Fries to provide specialized knowledge about test driving an automobile.

Thus, as the Court previously explained, "the animation is the only aspect of Mr. Fries's proposed testimony that relies on specialized knowledge." *Id.* at 8. Because that animation has been excluded, Mr. Fries, who is a forensic animation expert, has no remaining expertise that would be helpful to the jury.

Moreover, two of the opinions of Mr. Fries that Plaintiff seeks to introduce rebut an opinion that the Court has excluded. Specifically, Mr. Fries's opinions identified by Plaintiff as "Rebuttal Opinion 1" and "Rebuttal Opinion 5" rebut Mr. Jason's excluded opinion that the

wheels of Plaintiff's car were turned to the left at the time of the incident.  *See* ECF No. 99 at 6–7; ECF No. 131 at 4, 6.  Defendants recognize that they are precluded from questioning Mr. Jason about his excluded opinion or about any opinions that depend on the excluded opinion.  ECF No. 136 at 3, 5.  Thus, Mr. Fries's Rebuttal Opinion 1 and Rebuttal Opinion 5 are irrelevant.

Thus, the Court DENIES Plaintiff's motion for reconsideration.[1]  Mr. Fries will not be allowed to present any expert testimony in this case.

**IT IS SO ORDERED.**

Dated: December 1, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[1] This order supersedes ECF No. 141, which is hereby vacated.